and the worsted clippings were existing goods in possession of the plaintiff, the title to the three bales passed when the worsted clippings were sorted and made into a bale so that they were in deliverable shape and all were set aside and tagged, and these facts having been proved, plaintiff was entitled to recover.

*Edmond E. Wise, Leon Lauterstein* and *Meyer Boskey* for appellant.

*George W. Glaze* and *Samuel Fine* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

LEOKADYA JANISZEWSKI, as Administratrix of the Estate of MARION JANISZEWSKI, Deceased, Respondent, *v.* SCHENECTADY RAILWAY COMPANY, Appellant.

*Negligence — railroads — action for death of passenger who on alighting from interurban car passes in rear thereof and is killed by car approaching on other track.*

*Janiszewski* v. *Schenectady Railway Co.,* 202 App. Div. 859, affirmed.

(Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The plaintiff's intestate at about ten-twenty-five o'clock in the evening of October 2, 1921, got off an east-bound car of the defendant on its interurban road, between the cities of Schenectady and Albany at station known as 13, which is about four and one-half miles east of the city of Schenectady, and, after that car had started on its way, he passed behind it and over the track on which it ran, and on to the west-bound track where he was struck by a west-bound car and killed. The defense was contributory negligence.

*P. C. Dugan* for appellant.

*Louis F. O' Neill* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and CRANE, JJ. Dissenting: MCLAUGHLIN and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

ROSE CATTINI, an Infant, by EMILIO CATTINI, Her Guardian ad Litem, Appellant, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Respondent, Impleaded with Others.

*Negligence — master and servant — child injured by automobile truck hired with chauffeur to deliver packages for express company — express company not liable where chauffeur not employed by it or under its control.*

*Cattini* v. *American Railway Express Co.*, 202 App. Div. 336, affirmed. (Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment entered July 20, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. The plaintiff, a child seven years of age, was injured on the 8th day of September, 1920, in front of 435 West Forty-ninth street, New York city, when a truck driven by one Francis Hunt, traveling west on the south side of the street, made a sudden turn to the north to avoid another truck approaching from the west, mounted the sidewalk, and, running over the plaintiff's hands, cut both of them off. The truck was owned by the defendant Talbot, who had been in the general trucking business for some twenty-five years. At the time of the accident it was loaded with. goods of the American Railway Express Company. Hunt, the chauffeur of the truck, was then being paid a salary by Talbot, who had hired him. The truck was one of three owned by Talbot then being used in the defendant